Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**   13   4754

| United States District Court | District EASTERN |
|---|---|
| Name (under which you were convicted): JONATHAN COBB | Docket or Case No.: 09-733-1 |
| Place of Confinement: FCI MCDOWELL, PO BOX 1009, WELCH, WV 24801 | Prisoner No.: 64301-066 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | JONATHAN COBB |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA

    (b) Criminal docket or case number (if you know): 09-733-1

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence: 288 months

4.  Nature of crime (all counts): Conspiracy to districbute 500-grams or more of Cocaine(cont 1); Possession w/Intent to Dist. 500-grams or more of Cocaine(Count 2); additionally charged in violation of 18 U.S.C. §2.

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ☒        (2)  Guilty ❑        (3)  Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ☒        Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ❑   No ☒

8.  Did you appeal from the judgment of conviction?   Yes ☒   No ☒

9.  If you did appeal, answer the following:

(a) Name of court: Third Circuit

(b) Docket or case number (if you know):

(c) Result: Affirmed

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised: N|A

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result: Denied

(3) Date of result (if you know): N|A

(4) Citation to the case (if you know): N|A

(5) Grounds raised: N|A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑   No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑ No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:   Yes ❑   No ❑

    (2) Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:   INEFFECTIVE COUNSEL FOR FAILING TO ADVISE §851 information**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

```
Petitioner claims that at no time during the pre-trial stages of
this case did Mr. William Cannon advise Petitioner of the fact
that the government would file an 851 information against Pet-
itioner. In fact, Mr. Cannon had acknowledged to Petitioner
that he had no knowledge of the fact that the government would
ever file an information in this particular case. Therefore,
Mr. Cannon has failed advise Petitioner of the §851 information.
See: MEMORANDUM
```

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

**SEE:MEMORANDUM**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO: INEFFECTIVE COUNSEL FOR FAILING TO PREPARE TO DEMON-STRATE EXISTENCE OF FALSE STATEMENTS WITHIN AFFIDAVIT**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner argues that Mr. Cannon was ineffective for failing to prepare to demonstrate the existence of false statements or omissions within the affidavit after being requested to do so by Petitioner. Mr. Cannon admitted that he was not prepared to demonstrate that false statement were part of the wiretap affidavits provided by a detective in this case. Mr. Cannon's admittance to the failure to prepare a demonstration was presented in his motion to bar introduction of wiretap evidence. See; MEMORANDUM

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:

**SEE : MEMORANDUM**

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ❑ᵡ

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO FULLY ADVISE ADVANTAGES AND DISADVANTAGES OF PLEADING GUILTY VS. GOING TO TRIAL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner avers within that Mr. Cannon never, at anytime, explained the advantages and disadvantages of pleading guilty vs. going to trial to Petitioner in this case. Petitioner contends that Mr. Cannon's failure to explain the advantages and disadvantages has interfered with Petitioner's decisions to plead guilty and recieve levels off of Petitioner's base offense level for acceptance of responsibility. SEE:MEMORANDUM

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

SEE:MEMORANDUM

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO GIVE REAL NOTICE OF THE CHARGE OF CONSPIRACY

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner avers that Mr. Cannon failed to give Petitioner "real notice" of the charge of conspiracy and again has interfered with Petitioner's decisions to plead guilty in this case. See:MEMORANDUM

(b)  **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑  No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:

SEE:MEMORANDUM

(c)  **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑  No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑  No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑  No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑  No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **ALL GROUNDS ARE INITIAL HEREIN**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ❑ X
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **William T. Cannon,Esq., 100 South Broad St., Suite 1910,Philadelphia,PA 19110**

(b) At arraignment and plea: **Same as above**

(c) At trial: **Same as Above**

(d) At sentencing: **Same as above**

(e) On appeal:  same as above

(f) In any post-conviction proceeding:  N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:    N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in
the same court and at the same time?        Yes ❑ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that
you are challenging?        Yes ❑ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the
future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the
judgment or sentence to be served in the future?    Yes ❑   No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

        (1) the date on which the judgment of conviction became final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: VACATE AND REMAND,
ORDER EVIDENTIARY HEARING & APPOINT COUNSEL TO REPRESENT CLAIMS

or any other relief to which movant may be entitled. *
_____

PRO SE
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

8/13/13     (month, date, year).

Executed (signed) on ___8/13/13_____ (date).

*Jonatha Cobb*
_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.

N/A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN COBB,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CR.NO. 09-733-1

**13   4754**

### MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET-ASIDE, OR CORRECT CONVICTION OR SENTENCE UNDER 28 U.S.C. §2255

COMES NOW, Petitioner Cobb appearing in pro-se capacity, seeking the "Less Stringent Review" as noted in Haines v. Kerner, 404 US 519(1972) and moves this Honorable United States District Court for the Eastern District of Pennsylvania to vacate,set-aside, or correct Petitioner's conviction or sentence for the reasons stated herein.

### FACTUAL BACKGROUND

Jonathan Cobb(Hereinafter Petitioner/Defendant) along with other co-defendants was charged with -in a two-count Superceding Indictment returned by the Grand Jury on April 14,2010 charging Cobb with violations of 21 U.S.C. §846, conspiracy to distribute 500-grams or more of cocaine(Count One) and 21 U.S.C. §841(a)(1), charging possession with intent to distribute 500-grams or more of cocaine(Count Two). Mr. Cobb was additionally charged with aiding and abetting in violation of 18 U.S.C. §2.

-1-

## PLEA, TRIAL AND SENTENCING

Jonathan Cobb entered a plea of not guilty at Arraignment and ultimately stood trial before a federal petite jury which, on June 25, 2010 returned a verdict finding him guilty as to both Count One and Count Two. A 288 month sentence was imposed.

## 28 U.S.C.§2255

In order to obtain relief, a prisoner must demonstrate (1) he is in custody pursuant to an Act of Congress claiming the right to be released, because the sentence imposed is (2) in violation of the United States Constitution; (3) in violation of the laws of the United States; (4) that the sentence exceeds the maximum allowed by laws; or (5) the court was without jurisdiction to impose such sentence or conviction.

Petitioner Cobb will demonstrate within the following grounds that Petitioner is entitled to relief pursuant to Title 28 U.S.C. §2255.

Petitioner Jonathan Cobb Presents:

## GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ADVISE PETITIONER OF §851 INFORMATION FILED BY THE GOVERNMENT

Petitioner avers that defense counsel, William R. Cannon, ESQ., William T. Cannon, P.C., 100 South Broad Street, Suite 1910, Philadelphia, PA 19110, failed to apprise or admonish Petitioner that the Government would file, or had filed an information to seek a sentencing enhancement under Title 21 U.S.C. §851. Counsel's failure to advise Petitioner of the statutory enhancement has:

-2-

1. prejudiced Petitioner's defense; 2. affected the outcome of the proceedings; and 3. clarifies counsel's deficient performance. Petitioner must show that counsel's performance was deficient. **Strickland v. Washington**, Id. at 687. To be "deficient", counsel's performance must be "outside the wide range of professionally competent assistance". Id. at 688. Next, "the defendant must show that the deficient performance prejudiced the defense". Id. at 687. Moreover, to show "prejudice" a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome". Id. at 694.

Petitioner, in pre-trial stages, before the November 5,2010 sentencing hearing had requested Mr. Cannon to provide the docket sheet in this case to Petitioner. Mr. Cannon had advised Petitioner that there was no need to provide Petitioner with a docket sheet in this case.SEE(DECL. OF COBB). Petitioner believes that the docket sheet would have disclosed to Petitioner, the government's notice of intent to seek enhanced penalty pursuant to 21 U.S.C. Section 851. Petitioner believes that Mr. Cannon has prejudiced Petitioner's defense in this particular case. Petitioner points to this court that Mr. Cannon was not even sure of the prior state court conviction's where abouts,i.e., where the prior conviction was comitted and resolved. See:(sent. trans. p.7, line 11-15, attached hereto as **Ex.#1**)(Cannon stating,"I think the prior occured in Chester County").

-3-

Mr. Cannon has failed to investigate Petitioner's prior Chester,FA conviction at a critical stage in the proceedings and has prejudiced Petitioner's defense in the event that the government's case to the extent of the statutory enhancement was not placed to any adversarial testing in this case and Mr. Cannon's failure presumes prejudice in this particular case. **United States v. Cronic,** 466 U.S. 648,654,104 S.Ct. 2039,80 L.Ed. 2d 657(1984)( where counsel failed to put prosecutor's case to any meaningful adversarial testing, counsel is ineffective presuming prejudice). Petitioner positions that where Mr. Cannon had failed to investgate Petitioner's prior record, or prepare for sentencing, Petitioner actually stood before the Court without counsel during a critical stage in this case. Petitioner avers that Petitioner's point of emphasis is valid in the event that had Mr. Cannon properly prepared for sentencing, the challenge would have authorized the district court to hold a hearing as to the prior conviction being relied upon to enhance Petitioner's term of imprisonment. See: §851(c)(**Denial;Written Response;Hearing**). Nonetheless, the government's 851 information was filed to advise that Petitioner had an opportunity to contest the accuracy of the information and allow the defense sufficient time to understand the full consequences of a guilty plea or verdict). **United States v. King,**127 F. 3d 483,489(6th Cir. 1997). It is too soon to tell whether or not Mr. Cannon knew of the full consequences in this case at this point, but Petitioner is left with the sting in the end.However, an avenue was available to Mr. Cannon to present some type of argument towards the prior conviction apprised in this case;especially

-4-

if Mr. Cannon knew of the full consequences in this case, upon a guilty plea or verdict. **King**,supra.

Where Mr. Cannon completely failed to place the government's §851 information to any meaningful adversarial testing, has prejudiced Petitioner's defense in this case and has allowed the district court to proceed to §851(d)(Imposition of Sentence). Petitioner further claims that the **district court never conducted the §851 colloquy in this case.** See:§851(b)(Denial;Affirmation). Petitioner contends that Mr. Cannon's performance was deficient in this case and has in fact, prejudiced Petitioner's defense. Petitioner further avers that Mr. Cannon has failed to advise Petitioner that Petitioner may have a valid avenue to challenge the prior State Court Conviction that was provided by the government's §851 information. See:(DECL. OF COBB).

Petitioner contends that Mr. Cannon's deficient performance has prejudiced Petitioner's defense, where Petitioner has been deprived of any opportunity to challenge the §851 statutory enhancement in this case. Petitioner claims that Mr. Cannon had told Petitioner that in most drug cases, the United States will file for an enhancement under the statutory penalty provision, in case a defendant has a prior ⁻felony conviction. Petitioner advised Mr. Cannon of His prior felony conviction and unequivocally requested Mr. Cannon to investigate those priors(all of Cobb's prior convictions) because Petitioner did not believe that He had any prior convictions that would be suitable or permissible for any federal enhancements. Petitioner claims that He never heard anything further about Petitioner's state court priors being used

-5-

to augment His current federal term of imprisonment. Petitioner believes that He has been prejudiced in this case where the outcome of the proceedings would have been different with an adequate challenge to any of the prior convictions used to enhance Petitioner's current sentence. Petitioner believes that the burden of proof is designated to the government to prove that the prior(s) that it intended to use for enhancement purposes were qualifying priors in this case. However, Mr. cannon's negligence has allowed the government to simply file an information for an enhanced sentence without any challenge(even upon petitioner's unequivocal requests) being spared of its burden of proof in this case. See:21 U.S.C. §851(c). Petitioner further claims that if the government were not able to prove that the prior(s) were the type of priors that are criteriorized in 851, Petitioner's current sentence would be a lesser sentence. A sentence that would be atleast ten(10) years shorter than the 288 month sentence that Petitioner is actively serving today. Petitioner positions that He is serving a 288 month sentence because of Mr. Cannon's prejudice to Petitioner's defense in this case. Petitioner believes that Petitioner's current sentence would be at-least, 168 months. A sentence that is 120 months lesser than what it is today(288 months).

## A. CONTEMPORANEOUS CONTENTION

Petitioner contemporaneously avers that He has been denied Due Process in this case, to the extent of the enhanced term of imprisonment in this case. An enhancement that is atleast ten(10)

years above the sentence proscribed by law. See:§841(b)(1)(B).
For the reasons argued in this ground, Jonathan Cobb should
be granted 28 U.S.C. §2255 habeas relief.

<u>GROUND TWO</u>: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO
PREPARE TO DEMONSTRATE EXISTENCE OF FALSE STATEMENTS
OR OMISSIONS WITHIN AFFIDAVIT AFTER BEING REQUESTED
TO DO SO

In this ground Petitioner avers that Mr. Cannon was ineffect-
ive for failing to prepare to demonstrate the existence of false
statements or omissions within the wiretap affidavit necessary in
order to trigger a <u>Franks</u> Hearing. Petitioner believes that Mr.
Cannon's lack of preparation has prejudiced Petitioner's defense
in this particular case. Petitioner believes that without the
Franks hearing, it was impossible to prove that <u>the confidential</u>
<u>informants</u> were used to support this application. Petitioner had
requested Mr. Cannon in pre-trial stages to challenge the affida-
vit as far as the confidential informant's statements. Petitioner
told Cannon that the allegations were false and that Petitioner
didn't deal with these people(informants) and that they were
lying.Cannon failed to prepare for such demonstration and has
agian prejudiced Petitioner's defense by denying Petitioner
of an avenue to a proper evidentiary hearing, even after he was
requested to prepare for such a demonstration.

Petitioner had unequivocally requested Mr. Cannon to request
a <u>Franks</u> hearing on the grounds that the affidavit probable cause
to support the Title III wiretap contained false and misleading
information. See(DECL. OF COBB).

-7-

In **Franks v. Delaware**, 438 U.S. 154,165,98 S.Ct. 2674,57 L. Ed. 2d 667(1978), the United States Supreme Court provided a limited opportunity for defendants to dispute the truthfulness of an affiant's statements in an affidavit of a wiretap.

Being that this claim is for the ineffective assistance of counsel, Petitioner must prove that counsel's deficient performance rendered ineffective assistance of counsel, Petitioner will establish that Petitioner has been prjudiced by counsel's ineffectiveness. First, Petitioner points this court to the fact that Mr. Cannon wished to make clear to the court during the motion to bar introduction of wiretap evidence proceedings that he was not seeking a **Franks** hearing in this matter because the defense is not prepared to demonstrate the existence of false statements or omissions within the wiertap affidavit necessary in order to trigger such a hearing. Therefore, Mr. Cannon went on to ask the court to determine, without the benefit of hearing, whether the affidavit in support of the wiretap application **adequately and completely** demonstrates that the wiretap sought was indespensable to finalizing the investigation in this case and that normal investigative techniques were inadequate to reach this same level of achievement. See:**Ex. #2,attached hereto-p.4 of motion to bar intro. to wiretap investigation**)(Mr. Cannon requesting court to make determination without a hearing and stating that he was not prepared for the defense). Petitioner believes that Mr. Cannons performance was below an objective standard of reasonableness,

-8-

'given the particular circumstances of the case at hand." Mr.
Cannon's failure to prepare for the defense in this case, was
not sound trial strategy, because Mr. Cannon simply was not pre-
pared to demonstrate the existence of false statements or omiss-
ions within the wiretap affidavit necessary in order to trigger
an evidentiary hearing in light of Franks,supra.; United States
v. Hankerson, 496 F. 3d at 310.In Hankerson,a Movant must show
either that (1) the suggested strategy(even if sound) was not in
fact motivating counsel,or (2) that the actions could never be
considered part of a sound strategy. Thomas v. Varner,428 F. 3d
491, 499(3d Cir. 2005). Petitioner believes that Mr. Cannon's
decision of not to be prepared to demonstrate that false state-
ments or omissions were necessary for the Franks hearing, could
never be considered as part of sound strategy in this case.

Mr. Cannon's unpreparedness actually clarifies Petitioner's
contentions that Cannon rendered ineffective assistance of cou-
nsel at a critical stage is the pre-trial stages of this parti-
cular case.Mempa v. Rhay, 389 U.S. 128(1967); Holloway v. Arkan-
sas, 435 U.S. 475(1973); Van v. Jones, 475 F. 3d 292(6th Cir.
2007)(collecting cases). Besides, Petitioner had requested Mr.
Cannon to investigate the information provided by the affiant in
the wiretap affidavit consistent with this case. Petitioner pos-
itions that there is a reasonable probability in this case that
the outcome of the proceedings would have been different. The
Supreme Court has long recognized that "prevailing norms of
practice as reflected in American Bar Association Standards and
the like... are guides to determining what is reasonable...

- 9 -

''' **Padilla v. Kentucky**, 559 U.S.___, 130 S.Ct. 1474(2010)(cites omitted). And, "these standards may be valuable measures of the prevailing professional norms of effective representation...'' **Ibid.** Accordingly, the Supreme Court in **Rompilla v. Beard,** 545 U.S. 374,387(2005), has quoted one of those ABA standards related to counsel's obligation to conduct a thorough investigation:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in case of conviction. The investigation should always include efforts to secure information in possession of the prosecution and law enforcement authorities.

(ABA cite omitted). **See,** also, **Wiggins v. Smith**, 539 U.S. 510 (2003)(applying the Strickland standard--- finding counsel rendered constitutionally ineffective assistance for failure to conduct a reasonable investigation into the facts of the case. Petitioner's information to Mr. Cannon concerning the false statement should have been enough to convince Mr. Cannon that Petitioner had a wish to defend himself by way of a Franks hearing. Being that it was Mr. Cannon's unprofessional decision not to prepare for the proceedings, Petitioner has been denied effective assistance of counsel at a critical stage.

Petitioner was prepared to demonstrate that false statements were the basis for obtaining the title III wiretap, which allowed the government's case to proceed against Petitioner.(DECL.).

For all of the reasons stated above, Jonathan Cobb should be granted §2255 habeas relief.

-10-

**GROUND THREE:** INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO FULLY ADVISE ADVANTAGES AND DISADVANTAGES OF PLEADING GUILTY VS. GOING TO TRIAL

Petitioner Cobb, avers that Mr. Cannon failed to fully advise Petitioner of the advantages and disadvantages of going to trial and pleading guilty, Petitioner argues that Mr. Cannon's failure to advise Petitioner of the advantages and disadvantages of pleading guilty vs. going to trial, has caused petitioner to pass-up the opportunity of recieving a lesser sentence where Petitioner could have recieved levels off of Petitioner's Base Offense Level (BOL) after the acceptance of responsibility in the plea process. See:United states Sentencing Guidelines §3B1.1(a) and (b).

The Sentencing Guidelines provide "[i]f a defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels". U.S.S.G. §3B1.1(a)(2009). Petitioner would further argue that there is an additional level under §3B1.1(b), for timely notifying the authorities of Petitioner's own misconduct. Allowing a sentence reduction for acceptance of responsibility encourages efficiency and economy by encouraging guilty pleas and admissions, and recognizes society's interest in such a reducing crimes and the increased potential for rehabilitation among other things showing true remorse for their conduct. **United States v. Henry**, 883 F. 2d 1010, 1011-1012 (11th Cir. 1989)(citations omitted). As noted in Henry, §3B1.1 clarifies a pre-guidelines tradition of leniency for those who plead guilty, admit guilt, or show remorse to the sentencing judge.

-11-

883 F. 2d at 1012(collecting cases).

Petitioner states that had Mr. Cannon explained the advantages and disadvantages the possibility of recieving a two or three level reduction for acceptance of responsibility upon Petitioner's admittance to petitioner's criminal conduct, Petitioner states that Petitioner would have then pled guilty to the charged offenses stipulated to in a plea agreement, instead of rolling the dice by going to trial. Petitioner's argument is that Petitioner never had a chance to make any decision as to whether Petitioner would plead guilty as an advantage in this case. **Strickland v. Washington**,466 US 668(1984); Also, See:(DECL. OF COBB).

Petitioner argues that it was unltimately Mr. Cannon's duty to advise Petitioner whether Petitioner should plead guilty. **United States v. Herrera**, 412 F. 3d 577,580(5th Cir. 2005)( "one of the most important duties of an attorney representing a criminal defendant about whether he should plead guilty"); **United States v. Thompson**, 2009 U.S. Dsit. LEXIS 104341,2009 WL 3739413 at 5(W.D.La. 2009). In the Fifth Circuit, failure to do so constitutes ineffective assistance of counsel for purposes of the Sixth Amendment. Id.

A defendant has the right to make a reasonably informed decision whether to accept a plea offer. **Hill v. Lockhart**, 474 U.S. 52 , 56-57,106 S.Ct. 366, 88 L. Ed. 2d 203(1985). Petitioner contends that Mr. Cannon never, at anytime, explained the advantages and disadvantages of pleading guilty or going to trial

-12-

to Petitioner. Petitioner argues that Mr. Cannon's failure to apprise and admonish Petitioner of such advantages and disadvantages, has hindered Petitioner's right to make a reasonably informed decision whether to accept a plea offer in this case. A defendant "cannot make a reasonably informed decision about a plea in the absence of counsel's advice about the advantages and disadvantages of the plea offer, or how it compared to the option of entering an open plea or going to trial. " **Von Moltke v. Gillies**, 332 U.S. 708,721, 68 S.Ct. 316,92 L.Ed. 309(1948)(" Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings, and laws involved and then to offer his informed opinion as to what plea should be entered"). Petitioner establishes that Mr. Cannon only advised Petitioner that the government was only offering a plea to cooperate, but Mr. Cannon only talked to Petitioner about proceeding to trial in this case. Petitioner's points is that Mr. Cannon only mentioned a plea to Petitioner, but never, at anytime did Mr. Cannon advise Petitioner of the advantages and disadvantages of pleading guilty versus going to trial in this case. **Von Moltke**, 332 U.S. 708. See:(DECL. OF COBB).

Petitioner further contends that Mr. Cannon has prejudiced Petitioner's defense, in the event that had Mr. Cannon advised Petitioner of the two positions as argued here in this ground. Petitioner claims that Petitioner would have definitely pled guilty in this case, instead of rolling the dice at trial.

Petitioner has experienced a degree of ineffective assistance

-13-

of counsel in this case, for the reasons presented herein.
Strickland,supra. See:(DECL. OF COBB).

For the reasons argued herein this ground, Jonathan Cobb's
pro-se habeas motion, this court should grant Cobb  28 U.S.C.
§2255 habeas relief.

<u>GROUND FOUR:</u> INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO
GIVE REAL NOTICE OF THE CHARGE OF CONSPIRACY

Petitioner argues within this ground that Mr. Cannon was
ineffective for failing to give Petitioner "real notice" of
the charge of conspiracy to Petitioner in this particular case.

Petitioner believes that Mr. Cannon's failure to give any
real notice of the charge of conspiracy has affected Petitioner's
decision in the plea process of this case, and Petitioner states
that He would have pled guilty. In this case, Petitioner believes
that the plea would have then been entered voluntarily,knowingly,
and intelligently "with sufficient awareness of the relevant cir-
cumstances and likely consequences." **Bradshaw v. Stumpf**, 545 U.S.
175,183,125 S.Ct. 2398,2405,162 L. Ed. 2d 143(2005), citing
**Brady v. United States** , 397 U.S. 742,748,90 S.Ct. 1463,1469,25 L
Ed. 2d 747(1970). A plea is intelligently made when the defendant
has "real notice" of the nature of the charge against him[.]"
**Bousley v. United States**, 523, U.S. 614,618,118 S.Ct. 1604,1609,
140 L. Ed. 2d 828(1998), A plea is "voluntary" if it does not
result from force,threats, improper promises,misrepresentation,
or coercion. See**United States v. Amaya**, 111 F. 3d 386,389(5th Cir
1997). The Fifth Circuit has identified three core concerns in a
guilty plea proceeding:(1) the absence of coercion;(2) a full

-14-

understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. **United States v. Garcia**, 983 F. 2d 625,627-28(5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure Provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas". See id. at 627.

Petitioner has established that Mr. Cannon has discharged the duty of advising Petitioner whether Petitioner should plead guilty, Where Mr. Cannon did not inform Petitioner of the of the "real notice" of the charge of conspiracy.

For the reasons stated herein, Jonathan Cobb should be granted §2255 habeas relief.

## I. REQUEST FOR EVIDENTIARY HEARING

Petitioner Cobb requestfully requests that this Honorable Court would order an evidentiary hearing to address the prejudice in this case.

## II. REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner respectfully requests that this Honorable Court would appoint counsel to represent Petitioner's claims.

## III. IN CONCLUSION

In Conclusion, Jonathan Cobb should be granted §2255 habeas relief for all of the reasons stated herein

### CERTIFICATE OF SERVICE

I,Jonathan Cobb do hereby certify that a true and correct copy of the same MEOMORANDUM IN SUPPORT OF §2255 was placed in the

-15-

U.S. mail, postage prepaid and served upon the following:

Karen S. Marston,ESQ.,AUSA,United States Attorney's Office, 615

Chestnut Street, Suite 1250,Philadelphia,PA 19106.

s/ Jonathan Cobb
Jonathan Cobb
FCI MCDOWELL
PO BOX 1009
WELCH,WV 24801

Enclosure(s):

-16-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN COBB,            *
    Petitioner,        *
                 *
                 *   CR.NO. 09-733-1
vs.                       *
                 *
UNITED STATES OF AMERICA, *
    Respondent:          *
******************************************************************

DECLARATION
***********

    I, Jonathan Cobb do solemnly swear under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

1. I, Jonathan Cobb am over the age 21 years, do depose and says:

2. I, Jonathan Cobb am competent to testify that I asked Mr. Cannon to provide Me with a docket sheet during pre-sentencing stages, before November 5,2010 sentencing hearing;

3. Mr. Cannon advised Me that there was no need to provide Me with a docket sheet in this case(See:p.3 of Memorandum,§2255 memorandum);

4. I, Jonathan Cobb do declare that Mr. Cannon, never at anytime apprised Me that I had an opportunity to challenge the 851 information filed by the government in My case;

5.Mr. Cannon never apprised Me of any avenue to challenge the §851 in My case(see: p. 5 of memorandum,§2255);

6. I requested Mr. Cannon to request a Franks hearing in My case (p. 7 of Memorandum,§2255)(see:letter to judge attch'd Ex.#1);

7. I was prepared to demonstrate false statements in the affidavit

-1-

(p. 10 of Memorandum,§2255)(see outline sent to Cannon attached as Ex. #2);

8. Mr. Cannon never apprised Me of the advantages and disadvantages of pleading guilty vs. going to trial and only talked to Me about cooperating(see:EX.#3 attached hereto)(letter from Mr. Cannon advising Me to cooperate)(see:p. 13 of Memorandum,§2255);

9. It shall be all.


Respectfully submitted ,

*Jonathan Cobb*

Jonathan Cobb


CERTIFICATE OF SERVICE

I,Jonathan Cobb do declare that a true and correct copy of the same DECLARATION  was placed in the U.S. mail, postage pre-paid and served upon: Karen S.Marston,ESq.,AUSA, United States Attorney's office, 615 Chestnut Street,Suite 1250,Philadelphia,PA 19106

s/ *Jonathan Cobb*
Jonathan Cobb
FCI MCDOWELL
PO BOX 1009
WELCH,WV 24801


Enclosue(s):

Exhibit #1

in Support of Declaration At 6

(64304-066)
Federal Detention Ct
P.O. Box 562
Philadelphia, Pa. 19105

Honorable Judge Robreno:

I appeared before you for trial on June 17th 2010, Which ended in Guilty Verdict. Based on decisions my attorney William Cannon Proceeded with, and I had no knowledge of and I did not authorize his decisions. I have many complaints and documentation from Mr Cannon of his consistent unproffessionalism during the term of Mr Cannon Representing me in legal matters. The documents sent by Mr Cannon to me, Verifies some of my Claims of ineffectiveness of Counsel, conflict of interest that I would like to have established on record before the courts. My next schedule hearing will be on Sept. 23, 2010, For the purpose of Sentencing and I will want to briefly speak, that the record will reflect, an that this serious matter was brought to the courts attention Honorable Judge Robreno, I believe Mr Cannon behavior showed that he did not have my best interest of my legal matters of an importance that would provide me adequate Counsel. For example I explained to Mr Cannon in February 19th 2010, that I wanted motions submitted on my behalf. Mr Cannon told me he would, but never done it. I explained to Mr Cannon I had no interest at all of cooperating with the prosecutor as a informat, An told him that und

No circumstance am I willing to speak to them. Unknown to me without warning or knowledge Mr Cannon arranged a meeting on March 2010, for an off the record meeting. When I was deceived by my attorney an was brought accross the street to meet the prosecutor, I asked my lawyer what was going on an he advised me I'm in big trouble, They have a lot of information on me, an I would do life. So I had an argument with Mr Cannon while agents waited outside the room, an Mr Cannon was very aggressive in speech tone an coerced me just to talk to them, It wouldn't hurt my case. So I felt very pressured by him and gave some statements which were not true entirely. I felt I was betrayed so I would just go through with it to get out of there. After the session was over I told Mr Cannon to come to F. D. C. to see me cause some of the material I told them was false. He advised me he would come, But never came until April 2010. One month later. As soon as Mr Cannon finally arrived he advised me that the prosecutor wanted to meet again. I told him no, and if he wasn't willing to help me from that point, He was to remove himself from my case. He assured me he would start taking my case serious. Soon after that I received a couple of letters from Mr Cannon, stating I should fold my hand or cards an consider working with the prosecution. I have those documents. Also I asked Mr Cannon to submit motion to Bar Suppress Wire Tap Title III Evidence. He submitted it. I told him I need a Evidentiary Hearing,

Reason being, The Government would have to bring Confidential informants before me Due to Sixth Amendm Rights and the Exclusionary Rule Suppress. I told him that I would win the case through lack of Evidence an Witnesses. Mr Cannon gave me a copy of the motion I was not in agreement, In hope the oral Argument the hope that the Oral will be favored over Evidentiary. He stated he Just submitted that motion Just to get it grant an he would do Evidentiary Hearing. In his Motion he stated he didn't have enough time to prepare for the Evidentiary. So Honorable Judge Robrend, Mr Cannon Railroaded me, Maliciously knowing that I would win the case. He was upset with me that I would not assist Government. In 8 months Mr. Cannon never assisted me in the entire case with case logs or stratagies that would prepare me Just in case I lost Suppression. I asked him again to remove himself, He then stated he was a trial lawyer. I have not recei ved my compact Disc or Title III application for my Own review along with other materials I requested. I was shown Vaguely 15 hours before trial some paper work that might be considered as Jinx material. So I was blinded by his imcompetence to possibly reach a plea agreement instead of trial. So Honorabl Judge Robrend, these are some complaints I have, an there are more that will be disclosed at the appropiate time. Thanks you for your time.

THESE ARE THE BEGINNING
NOTES. I WILL SEND YOU MORE!!

MAY 12th 2010

Exhibit # __ __
in Support of Declaration
At 7    Mr CANNON.

1. CI #1. States in the Application About Drugs being shipped from ARIZONA, which would raise great concerns And Also Stating he was present At trans Actions Done by myself AND At DAVID house, but Never Dealt with me And has A Grudge. Mr Cannon there's No support to these Allegations or Direct sales to him to Corroborate these Claims. Also when the initial Application of the title III was Approved by Such Statements but when the gov't responded to our Motion to bar they Removed CI # 1 Statements. Mr Cannon that is Deception And mis Leading And I have A right to Defend And prove Such Lies.

2. CI #2
    States he made Several purchases and that these Purchases were under recordings. Where is the recordings that I may Listen to? Where is the Drug Money that came from the purchases of Controlled buy. Where Are the Visual Surveill-ance tapes Done by Officers? He never mention Any large Amount of Drugs he was purchasing from me. Why would the Gov't need A Title III if they Already had buys?

CI #3
States he sold me Kilogram of Cocaine And
I sold him one on occassions, in the year
of 2004. Mr Cannon my investigation did
not start until 2008 Dec. This should not
be relevant. Also those claims are false
cause if you check with the state of North Carolina
I was living at 130 Moon Light Lake Dr, New Ber
North Carolina, Employed As a truck Driver
And operating a restaurent. (Coastal Corner Daily)
And filed my taxes in the same state from 2003,
2004 etc and then I was in Virginia 2005,
August, Prison until 2007 April. So those claims
Are false. He states he want to receive time off.

CI #4 states he never brought Drugs from
me or David but is Aware we sell Drugs
to certain People in Chester. This is heresay.

CI #5 Dont really have much to Add.
His staterents is not Enough to order wiretap.

Closing: The Government never caught any shipments
from other States. The Gov't could of surveilled
brothers or Electronic monitoring, to see what
was going on. Also the Government presented
only heresay with no Arrest or Drugs or mone
from Brothers, through these Allegations, Mr
Cannon, I need a hearing to face them. Thank yo

*Exhibit #3*
*in Support of Declration At 8*

Jonathan Cobb
RE:   United States v. Jonathan Cobb
May 5, 2010
Page 2

We had talked a little bit about it, but you need at this point to have a clear understanding of your sentencing exposure if you were to go to trial and be convicted.

First off, you are facing a 10-year mandatory sentence for the drugs charged against you in Count One. Distribution of 500-grams or more of cocaine powder results in a mandatory sentence of 5-years. However, since you have a prior drug distribution conviction that mandatory sentence jumps to 10-years. In this case, however, your biggest problems are the Federal Sentencing Guidelines. Since you are charged with distributing 500-grams or more of cocaine that would ordinarily call for an offense level under the Guidelines of level 26. However, because of your prior drug felony conviction in 1991 and your robbery conviction in 1992 you are deemed to be, under the Guidelines, a career offender. As you can read, you are a career offender because the instant case is a drug felony and you have prior convictions for "a crime of violence or a controlled substance offense." Since the maximum sentence for Count One for you is life imprisonment (it would have been only 40-years if you did not have a prior drug distribution conviction) your offense level as a career offender jumps up to level 37 and you automatically jump into criminal history category 6. The combination of an offense level 37 and criminal history category 6 gives you a Guideline Sentence of 360 months to life. It is foreseeable that Judge Robreno could give you 360 months if you go to trial and are convicted.

Given all of these factors, and given the fact that our trial is scheduled June 15, 2010 you need to think seriously about folding your cards and cooperating with the government. That would earn for you a Departure Motion which would take the mandatory sentence off the table and permit Judge Robreno to ignore the otherwise applicable guideline sentence.

Very truly yours,

WILLIAM T. CANNON, ESQUIRE

WTC/lh
Enclosure(s)