PAE-AO 243 (Rev. 10/09)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY    CIVIL #: 13-4754

| United States District Court | District | **EASTERN DISTRICT OF PENNSYLVANIA** |
|---|---|---|

| Name (under which you were convicted):<br>Jonathan Cobb | Docket or Case No.:<br>09-CR-733-1 |
|---|---|

| Place of Confinement:<br>Federal Correctional Institution at Fort Dix, NJ | Prisoner No.:<br>64304-066 |
|---|---|

| UNITED STATES OF AMERICA<br><div align="center">V.</div> | Movant (include name under which convicted)<br>JONATHAN COBB |
|---|---|

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging: _____
    United States District Court, Eastern District of Pennsylvania _____

    (b) Criminal docket or case number (if you know): __09-CR-00733-001_____

2.  (a) Date of the judgment of conviction (if you know): __June 28, 2010_____
    (b) Date of sentencing: ___November 3, 2010_____

3.  Length of sentence: ___288-months, eight years supervised release term & $1,500.00 fine

4.  Nature of crime (all counts): Conspiracy to Possess with Intent to Distribute 500 grams
    or more of Cocaine, in violation of 21 U.S.C. § 846 and Possession of Cocaine
    with Intent to Distribute, also in violation of 21 U.S.C. §§ 841(a)(1) and
    841(b)(1)(B)(ii).

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☒        (2) Guilty ☐        (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to? Not applicable. Elected
    to proceed with a trial by jury

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ☒        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?  Yes ☒   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: __U.S. Court of Appeals, For the Third Circuit__
   (b) Docket or case number (if you know): __10-4304__
   (c) Result: __AFFIRMED.__
   (d) Date of result (if you know): __May 25, 2012__
   (e) Citation to the case (if you know): __USA v. Jonathan Cobb, 2012 U.S.App LEXIS 10640__
   (f) Grounds raised: __The District Court erred by admitting conversations captured on__ __an illegal wiretap; The District Court failed to exclude evidence seized during the__ __warrantless search of David Cobb's vehicle, and The District Court allowed__ __inappropriate expert testimony under Federal Rule of Evidence 702; The District__ __Court's upward variance of his sentence was unreasonable.__

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☒   No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): __12-6040__
      (2) Result: __Certiorari is DENIED.__

      (3) Date of result (if you know): __October 9, 2012__
      (4) Citation to the case (if you know): __USA v. Jonathan Cobb__
      (5) Grounds raised: __Does the principles set forth in Arizona v. Gant, 556 U.S. 332__ __control during the time when the vehicle was search and later determined__ __to be a Terry stop that metamorphed into an arrest?  Can an electronic__ __surveillance (cell site tower) be enough to establish probable cause to__ __reasonable determine criminal activity is on-going and afoot?__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __N/A__
        (2) Docket or case number (if you know): __N/A__

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐　　　No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐　　　No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:　　Yes ☐　　　No ☐

(2) Second petition:　　Yes ☐　　　No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Ineffective assistance of counsel for failing to advise Petitioner of § 851 information filed by the Government.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See and refer to the accompanying Memorandum of Law for review and guidance.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Not appropriate to raise on direct appeal. Only through the federal post-conviction gateway.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:**   Ineffective assistance of counsel for failing to prepare to demonstrate existence of false statements within affidavit after being requested to do so.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See and refer to the accompanying Memorandum of Law for review and guidance.

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐     No ☒

(2)  If you did not raise this issue in your direct appeal, explain why: ___Same answer as given for___ ___question no. 12(b)(2) herein._____

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☐     No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___N/A_____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

    Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

    Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____

**GROUND THREE:** Ineffective assistance of counsel for failing to fully advise Movant of the advantages and disadvantages of pleading guilty vs. jury trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See and refer to accompanying Memorandum of Law for review and guidance.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

    See answer given for questionno. 12(b)(2) herein.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:    N/A

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue: _____

_____

_____

_____

_____

**GROUND FOUR:**   Ineffective assistance of counsel for failing to give real notice of the
change of conspiracy alleged by the Government.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See and refer to the accompanying Meonrandum of Law for review and guidance.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐         No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

See and refer to answer given for questionno. 12(b)(2) herein.

_____

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐         No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None _____

_____

_____

_____

_____

_____

PAE-AO 243 (Rev. 10/09)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐    No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    None

   _____

   _____

   _____

   _____

   _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:    William T. Cannon, Esq.

   100 South Broad Street, 1910 Land Title Bldg., Philadelphia, PA  19110

   (b) At the arraignment and plea:    Same

   _____

   (c) At the trial:  Same

   _____

   (d) At sentencing:
                      Same

   (e) On appeal:        Same

   _____

   (f) In any post-conviction proceeding:    _____

   _____

   (g) On appeal from any ruling against you in a post-conviction proceeding:    _____

   _____

   _____

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
              None

   _____

   (b) Give the date the other sentence was imposed:    _____

   (c) Give the length of the other sentence:    _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

17. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The original motion was submitted on a non-pre printed form timely.  In light of this court's recently received "10/23/2013" order, the motion is now being submitted on the required form for review and screening in accordance to the applicable Federal Rules of Court and Civil Procedure under 28 U.S.C. § 2255.

---

* 28 U.S.C. § 2255(f), provides that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:   To receive an evidentiary hearing,
to seek an appointment of counsel under 18 U.S.C. § 3006A Criminal Justice Act, and to

VACATE the sentence and any other relief deemed just and proper.
or any other relief to which movant may be entitled.


XXXXXXXXXXXXXXXXXXXXXXXXXX
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on   January 8, 2014                            .
(month, date, year)


Executed (signed) on   January 7, 2014                            (date)


X _Joretta Cbb_
Signature of Movant
JONATHAN COBB

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN COBB,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CR.NO. 09-733-1 |

## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET-ASIDE, OR CORRECT CONVICTION OR SENTENCE UNDER 28 U.S.C. §2255

COMES NOW, Petitioner Cobb appearing in pro-se capacity, seeking the "Less Stringent Review" as noted in **Haines v. Kerner,** 404 US 519(1972) and moves this Honorable United States District Court for the Eastern District of Pennsylvania to vacate,set-aside, or correct Petitioner's conviction or sentence for the reasons stated herein.

### FACTUAL BACKGROUND

Jonathan Cobb(Hereinafter Petitioner/Defendant) along with other co-defendants was charged with -in a two-count Superceding Indictment returned by the Grand Jury on April 14,2010 charging Cobb with violations of 21 U.S.C. §846, conspiracy to distribute 500-grams or more of cocaine(Count One) and 21 U.S.C. §841(a)(1), charging possession with intent to distribute 500-grams or more of cocaine(Count Two). Mr. Cobb was additionally charged with aiding and abetting in violation of 18 U.S.C. §2.

## PLEA, TRIAL AND SENTENCING

Jonathan Cobb entered a plea of not guilty at Arraignment and ultimately stood trial before a federal petite jury which, on June 25, 2010 returned a verdict finding him guilty as to both Count One and Count Two. A 288 month sentence was imposed.

## 28 U.S.C. §2255

In order to obtain relief, a prisoner must demonstrate (1) he is in custody pursuant to an Act of Congress claiming the right to be released, because the sentence imposed is (2) in violation of the United States Constitution; (3) in violation of the laws of the United States ; (4) that the sentence exceeds the maximum allowed by laws; or (5) the court was without jurisdiction to impose such sentence or conviction.

Petitioner Cobb will demonstrate within the following grounds that Petitioner is entitled to relief pursuant to Title 28 U.S.C. §2255.

**Petitioner Jonathan Cobb Presents:**

## GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ADVISE PETITIONER OF §851 INFORMATION FILED BY THE GOVERNMENT

Petitioner avers that defense counsel, William R. Cannon, ESQ., William T. Cannon, P.C., 100 South Broad Street, Suite 1910, Philadelphia, PA 19110, failed to apprise or admonish Petitioner that the Government would file, or had filed an information to seek a sentencing enhancement under Title 21 U.S.C. §851. Counsel's failure to advise Petitioner of the statutory enhancement has:

1. prejudiced Petitioner's defense; 2. affected the outcome of the proceedings; and 3. clarifies counsel's deficient performance. Petitioner must show that counsel's performance was deficient. **Strickland v. Washington**, Id. at 687. To be "deficient", counsel's performance must be "outside the wide range of professionally competent assistance". Id. at 688. Next, "the defendant must show that the deficient performance prejudiced the defense". Id. at 687. Moreover, to show "prejudice" a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome". Id. at 694.

Petitioner, in pre-trial stages, before the November 5,2010 sentencing hearing had requested Mr. Cannon to provide the docket sheet in this case to Petitioner. Mr. Cannon had advised Petitioner that there was no need to provide Petitioner with a docket sheet in this case.SEE(DECL. OF COBB). Petitioner believes that the docket sheet would have disclosed to Petitioner, the government's notice of intent to seek enhanced penalty pursuant to 21 U.S.C. Section 851. Petitioner believes that Mr. Cannon has prejudiced Petitioner's defense in this particular case. Petitioner points to this court that Mr. Cannon was not even sure of the prior state court conviction's where abouts,i.e., where the prior conviction was comitted and resolved. See:(sent. trans. p.7, line 11-15, attached hereto as **Ex.#1**)(Cannon stating,"I think the prior occured in Chester County").

Mr. Cannon has failed to investigate Petitioner's prior Chester,PA conviction at a critical stage in the proceedings and has prejudiced Petitioner's defense in the event that the government's case to the extent of the statutory enhancement was not placed to any adversarial testing in this case and Mr. Cannon's failure presumes prejudice in this particular case. **United States v. Cronic,** 466 U.S. 648,654,104 S.Ct. 2039,80 L.Ed. 2d 657(1984)( where counsel failed to put prosecutor's case to any meaningful adversarial testing, counsel is ineffective presuming prejudice). Petitioner positions that where Mr. Cannon had failed to investgate Petitioner's prior record, or prepare for sentencing, Petitioner actually stood before the Court without counsel during a critical stage in this case. Petitioner avers that Petitioner's point of emphasis is valid in the event that had Mr. Cannon properly prepared for sentencing, the challenge would have authorized the district court to hold a hearing as to the prior conviction being relied upon to enhance Petitioner's term of imprisonment. See: §851(c)(**Denial;Written Response;Hearing**). Nonetheless, the government's 851 information was filed to advise that Petitioner had an opportunity to contest the accuracy of the information and allow the defense sufficient time to understand the full consequences of a guitly plea or verdict). **United States v. King,**127 F. 3d 483,489(6th Cir. 1997). It is too soon to tell whether or not Mr. Cannon knew of the full consequences in this case at this point, but Petitioner is left with the sting in the end.However, an avenue was available to Mr. Cannon to present some type of argument towards the prior conviction apprised in this case;especially

-4-

if Mr. Cannon knew of the full consequences in this case, upon a guilty plea or verdict. **King**,supra.

Where Mr. Cannon completely failed to place the government's §851 information to any meaningful adversarial testing, has prejudiced Petitioner's defense in this case and has allowed the district court to proceed to §851(d)(Imposition of Sentence). Petitioner further claims that the **district court never conducted the §851 colloquy in this case**. See:§851(b)(Denial;Affirmation). Petitioner contends that Mr. Cannon's performance was deficient in this case and has in fact, prejudiced Petitioner's defense. Petitioner further avers that Mr. Cannon has failed to advise Petitioner that Petitioner may have a valid avenue to challenge the prior State Court Conviction that was provided by the government's §851 information. See:(DECL. OF COBB).

Petitioner contends that Mr. Cannon's deficient performance has prejudiced Petitioner's defense, where Petitioner has been deprived of any opportunity to challenge the §851 statutory enhancement in this case. Petitioner claims that Mr. Cannon had told Petitioner that in most drug cases, the United States will file for an enhancement under the statutory penalty provision, in case a defendant has a prior felony conviction. Petitioner advised Mr. Cannon of His prior felony conviction and unequivocally requested Mr. Cannon to investigate those priors(all of Cobb's prior convictions) because Petitioner did not believe that He had any prior convictions that would be suitable or permissible for any federal enhancements. Petitioner claims that He never heard anything further about Petitioner's state court priors being used

to augment His current federal term of imprisonment. Petitioner believes that He has been prejudiced in this case where the outcome of the proceedings would have been different with an adequate challenge to any of the prior convictions used to enhance Petitioner's current sentence. Petitioner believes that the burden of proof is designated to the government to prove that the prior(s) that it intended to use for enhancement purposes were qualifying priors in this case. However, Mr. cannon's negligence has allowed the government to simply file an information for an enhanced sentence without any challenge(even upon petitioner's unequivocal requests) being spared of its burden of proof in this case. See:21 U.S.C. §851(c). Petitioner further claims that if the government were not able to prove that the prior(s) were the type of priors that are criteriorized in 851, Petitioner's current sentence would be a lesser sentence. A sentence that would be atleast ten(10) years shorter than the 288 month sentence that Petitioner is actively serving today. Petitioner positions that He is serving a 288 month sentence because of Mr. Cannon's prejudice to Petitioner's defense in this case. Petitioner believes that Petitioner's current sentence would be at-least, 168 months. A sentence that is 120 months lesser than what it is today(288 months).

A. CONTEMPORANEOUS CONTENTION

Petitioner contemporaneously avers that He has been denied Due Process in this case, to the extent of the enhanced term of imprisonment in this case. An enhancement that is atleast ten(10)

years above the sentence proscribed by law. See:§841(b)(1)(B).

For the reasons argued in this ground, Jonathan Cobb should be granted 28 U.S.C. §2255 habeas relief.

**GROUND TWO:** **INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO PREPARE TO DEMONSTRATE EXISTENCE OF FALSE STATEMENTS OR OMISSIONS WITHIN AFFIDAVIT AFTER BEING REQUESTED TO DO SO**

In this ground Petitioner avers that Mr. Cannon was ineffective for failing to prepare to demonstrate the existence of false statements or omissions within the wiretap affidavit necessary in order to trigger a _Franks_ Hearing. Petitioner believes that Mr. Cannon's lack of preparation has prejudiced Petitioner's defense in this particular case. Petitioner believes that without the Franks hearing, it was impossible to prove that the confidential informants were used to support this application. Petitioner had requested Mr. Cannon in pre-trial stages to challenge the affidavit as far as the confidential informant's statements. Petitioner told Cannon that the allegations were false and that Petitioner didn't deal with these people(informants) and that they were lying.Cannon failed to prepare for such demonstration and has agian prejudiced Petitioner's defense by denying Petitioner of an avenue to a proper evidentiary hearing. even after he was requested to prepare for such a demonstration .

Petitioner had unequivocally requested Mr. Cannon to request a **Franks** hearing on the grounds that the affidavit probable cause to support the Title III wiretap contained false and misleading information. See(DECL. OF COBB).

-7-

In **Franks v. Delaware**, 438 U.S. 154,165,98 S.Ct. 2674,57 L. Ed. 2d 667(1978), the United States Supreme Court provided a limited opportunity for defendants to dispute the truthfulness of an affiant's statements in an affidavit of a wiretap.

Being that this claim is for the ineffective assistance of counsel, Petitioner must prove that counsel's deficient performance rendered ineffective assistance of counsel, Petitioner will establish that Petitioner has been prjudiced by counsel's ineffectiveness. First, Petitioner points this court to the fact that Mr. Cannon wished to make clear to the court during the motion to bar introduction of wiretap evidence proceedings that he was not seeking a **Franks** hearing in this matter because the defense is not prepared to demonstrate the existence of false statements or omissions within the wiertap affidavit necessary in order to trigger such a hearing. Therefore, Mr. Cannon went on to ask the court to determine, without the benefit of hearing, whether the affidavit in support of the wiretap application **adequately and completely** demonstrates that the wiretap sought was indespensable to finalizing the investigation in this case and that normal investigative techniques were inadequate to reach this same level of achievement. See:**Ex. #2,attached hereto-p.4 of motion to bar intro. to wiretap investigation**)(Mr. Cannon requesting court to make determination without a hearing and stating that he was not prepared for the defense). Petitioner believes that Mr. Cannons performance was below an objective standard of reasonableness,

-8-

'given the particular circumstances of the case at hand." Mr.
Cannon's failure to prepare for the defense in this case, was
not sound trial strategy, because Mr. Cannon simply was not pre-
pared to demonstrate the existence of false statements or omiss-
ions within the wiretap affidavit necessary in order to trigger
an evidentiary hearing in light of **Franks**,supra.; **United States**
**v. Hankerson,** 496 F. 3d at 310.In **Hankerson**,a Movant must show
either that (1) the suggested strategy(even if sound) was not in
fact motivating counsel,or (2) that the actions could never be
considered part of a sound strategy. **Thomas v. Varner**,428 F. 3d
491, 499(3d Cir. 2005). Petitioner believes that Mr. Cannon's
decision of not to be prepared to demonstrate that false state-
ments or omissions were necessary for the Franks hearing, could
never be considered as part of sound strategy in this case.

Mr. Cannon's unpreparedness actually clarifies Petitioner's
contentions that Cannon rendered ineffective assistance of coun-
sel at a critical stage is the pre-trial stages of this parti-
cular case.**Mempa v. Rhay,** 389 U.S. 128(1967); **Holloway v. Arkan-**
**sas,** 435 U.S. 475(1973); **Van v. Jones**, 475 F. 3d 292(6th Cir.
2007)(collecting cases). Besides, Petitioner had requested Mr.
Cannon to investigate the information provided by the affiant in
the wiretap affidavit consistent with this case. Petitioner pos-
itions that there is a reasonable probability in this case that
the outcome of the proceedings would have been different. The
Supreme Court has long recognized that "prevailing norms of
practice as reflected in American Bar Association Standards and
the like... are guides to determining what is reasonable...

''' **Padilla v. Kentucky,** 559 U.S.\_\_\_, 130 S.Ct. 1474(2010)(cites omitted). And, "these standards may be valuable measures of the prevailing professional norms of effective representation..."' Ibid. Accordingly, the Supreme Court in **Rompilla v. Beard,** 545 U.S. 374,387(2005), has quoted one of those ABA standards related to counsel's obligation to conduct a thorough investigation:

> It is the duty of the lawyer to conduct a prompt invest-
> igation of the circumstances of the case and explore all
> avenues leading to facts relevant to the merits of the
> case and the penalty in case of conviction. The investi-
> gation should always include efforts to secure information
> in possession of the prosecution and law enforcement
> authorities.

(ABA cite omitted). See, also, **Wiggins v. Smith,** 539 U.S. 510 (2003)(applying the Strickland standard--- finding counsel re-
ndered constitutionally ineffective assistance for failure to conduct a reasonable investigation into the facts of the case.

Petitioner's information to Mr. Cannon concerning the false statement should have been enough to convince Mr. Cannon that Petitioner had a wish to defend himself by way of a Franks hearing. Being that it was Mr. Cannon's unprofessional decision not to prepare for the proceedings, Petitioner has been denied effective assistance of counsel at a critical stage.

Petitioner was prepared to demonstrate that false statements were the basis for obtaining the title III wiretap, which allow-
ed the government's case to proceed against Petitioner.(DECL.).

For all of the reasons stated above, Jonathan Cobb should be granted §2255 habeas relief.

**GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO FULLY ADVISE ADVANTAGES AND DISADVANTAGES OF PLEADING GUILTY VS. GOING TO TRIAL**

Petitioner Cobb, avers that Mr. Cannon failed to fully advise Petitioner of the advantages and disadvantages of going to trial and pleading guilty, Petitioner argues that Mr. Cannon's failure to advise Petitioner of the advantages and disadvantages of pleading guilty vs. going to trial, has caused petitioner to pass-up the opportunity of recieving a lesser sentence where Petitioner could have recieved levels off of Petitioner's Base Offense Level (BOL) after the acceptance of responsibility in the plea process. See:United states Sentencing Guidelines §3B1.1(a) and (b).

The Sentencing Guidelines provide "[i]f a defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels". U.S.S.G. §3B1.1(a)(2009). Petitioner would further argue that there is an additional level under §3B1.1(b), for timely notifying the authorities of Petitioner's own misconduct. Allowing a sentence reduction for acceptance of responsibility encourages efficiency and economy by encouraging guilty pleas and admissions, and recognizes society's interest in such a reducing crimes and the increased potential for rehabilitation among other things showing true remorse for their conduct. **United States v. Henry**, 883 F. 2d 1010, 1011-1012 (11th Cir. 1989)(citations omitted). As noted in Henry, §3B1.1 clarifies a pre-guidelines tradition of leniency for those who plead guilty, admit guilt, or show remorse to the sentencing judge.

883 F. 2d at 1012(collecting cases).

Petitioner states that had Mr. Cannon explained the advantages and disadvantages the possibility of recieving a two or three level reduction for acceptance of responsibility upon Petitioner's admittance to petitioner's criminal conduct, Petitioner states that Petitioner would have then pled guilty to the charged offenses stipulated to in a plea agreement, instead of rolling the dice by going to trial. Petitioner's argument is that Petitioner never had a chance to make any decision as to whether Petitioner would plead guilty as an advantage in this case.
**Strickland v. Washington**,466 US 668(1984); Also, See:(DECL. OF COBB).

Petitioner argues that it was unltimately Mr. Cannon's duty to advise Petitioner whether Petitioner should plead guilty. **United States v. Herrera**, 412 F. 3d 577,580(5th Cir. 2005)( "one of the most important duties of an attorney representing a criminal defendant about whether he should plead guilty"); **United States v. Thompson**, 2009 U.S. Dsit. LEXIS 104341,2009 WL 3739413 at 5(W.D.La. 2009). In the Fifth Circuit, failure to do so constitutes ineffective assistance of counsel for purposes of the Sixth Amendment. Id.

A defendant has the right to make a reasonably informed decision whether to accept a plea offer. **Hill v. Lockhart**, 474 U.S. 52 , 56-57,106 S.Ct. 366, 88 L. Ed. 2d 203(1985). Petitioner contends that Mr. Cannon never, at anytime, explained the advantages and disadvantages of pleading guilty or going to trial

to Petitioner. Petitioner argues that Mr. Cannon's failure to apprise and admonish Petitioner of such advantages and disadvantages, has hindered Petitioner's right to make a reasonably informed decision whether to accept a plea offer in this case. A defendant "cannot make a reasonably informed decision about a plea in the absence of counsel's advice about the advantages and disadvantages of the plea offer, or how it compared to the option of entering an open plea or going to trial. " **Von Moltke v. Gillies**, 332 U.S. 708,721, 68 S.Ct. 316,92 L.Ed. 309(1948)(" Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings, and laws involved and then to offer his informed opinion as to what plea should be entered"). Petitioner establishes that Mr. Cannon only advised Petitioner that the government was only offering a plea to cooperate, but Mr. Cannon only talked to Petitioner about proceeding to trial in this case. Petitioner's points is that Mr. Cannon only mentioned a plea to Petitioner, but never, at anytime did Mr. Cannon advise Petitioner of the advantages and disadvantages of pleading guilty versus going to trial in this case. **Von Moltke**, 332 U.S. 708. See:(DECL. OF COBB).

Petitioner further contends that Mr. Cannon has prejudiced Petitioner's defense, in the event that had Mr. Cannon advised Petitioner of the two positions as argued here in this ground, Petitioner claims that Petitioner would have definitely pled guilty in this case, instead of rolling the dice at trial.

Petitioner has experienced a degree of ineffective assistance

of counsel in this case, for the reasons presented herein.
Strickland,supra. See:(DECL. OF COBB).

For the reasons argued herein this ground, Jonathan Cobb's
pro-se habeas motion, this court should grant Cobb  28 U.S.C.
§2255 habeas relief.

## GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO GIVE REAL NOTICE OF THE CHARGE OF CONSPIRACY

Petitioner argues within this ground that Mr. Cannon was
ineffective for failing to give Petitioner "real notice" of
the charge of conspiracy to Petitioner in this particular case.

Petitioner believes that Mr. Cannon's failure to give any
real notice of the charge of conspiracy has affected Petitioner's
decision in the plea process of this case, and Petitioner states
that He would have pled guilty. In this case, Petitioner believes
that the plea would have then been entered voluntarily,knowingly,
and intelligently "with sufficient awareness of the relevant cir-
cumstances and likely consequences." **Bradshaw v. Stumpf**, 545 U.S.
175,183,125 S.Ct. 2398,2405,162 L. Ed. 2d 143(2005), citing
**Brady v. United States** , 3⸱7 U.S. 742,748,90 S.Ct. 1463,1469,25 L
Ed. 2d 747(1970). A plea is intelligently made when the defendant
has "real notice" of the nature of the charge against him[.]"
**Bousley v. United States**, 523, U.S. 614,618,118 S.Ct. 1604,1609,
140 L. Ed. 2d 828(1998), A plea is "voluntary" if it does not
result from force,threats, improper promises,misrepresentation,
or coercion. See**United States v. Amaya**, 111 F. 3d 386,389(5th Cir
1997). The Fifth Circuit has identified three core concerns in a
guilty plea proceeding:(1) the absence of coercion;(2) a full

-14-

understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. **United States v. Garcia**, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." See id. at 627.

Petitioner has established that Mr. Cannon has discharged the duty of advising Petitioner whether Petitioner should plead guilty, where Mr. Cannon did not inform Petitioner of the "real notice" of the charge of conspiracy.

For the reasons stated herein, Jonathan Cobb should be granted § 2255 habeas relief.

## I.    REQUEST FOR EVIDENTIARY HEARING

Petitioner Cobb requests that this Honorable Court would grant and order an evidentiary hearing under Rule 8, on the grounds and basis established within the 2255 motion, supporting Memorandum of Law and the sworn Declaration ("affidavit") providing truthful statements in relation to how Mr. Cannon provided ineffective counsel during the "critical stages" of these criminal proceedings. See U.S. v. Booth, 432 F.3d 542, 545-46 (3rd Cir. 2005); U.S. v. McCoy, 410 F.3d 124 (3rd Cir. 2005); Rule 8(a); 28 U.S.C. § 2255.

## II.   REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner respectfully requests that this Honorable Court would appoint counsel pursuant to 18 U.S.C. § 3006(A) providing the Petitioner is granted an evidentiary hering under Rule 8. See United States v. Bendolph, 409 F.3d 155, 160 (3rd Cir. 2005).

III. **CONCLUSION**

WHEREFORE, for the reasons stated herein, your Petitioner, Jonathan Cobb respectfully asks for all of the relief that may be afforded to him pursuant to the provision set forth under 28 U.S.C. § 2255, Rule 8 and 18 U.S.C. § 3006A, accordingly.

Respectfully submitted,

JONATHAN COBB
Petitioner

**CERTIFICATE OF SERVICE**

The undersigned certifes that a true and correct copy of the same has been sent to:

Karen S. Marston, AUSA

U.S. Attorney's Office

615 Chestnut Street, Suite 1250

Philadelphia, PA 191106

Date mailed: 01/08/2014

Jonathan Cobb
Register No. 64304-066
FCI-Fort Dix
West Bldg. No. 5841
P.O. Box 2000
Fort Dix, NJ 08640-0902

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN COBB,          *
    Petitioner,        *
                *    CR.NO. 09-733-1
vs.                     *
                *
UNITED STATES OF AMERICA, *
    Respondent.
*************************************************************

## DECLARATION
**********

   I, Jonathan Cobb do solemnly swear under the penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

1. I, Jonathan Cobb am over the age 21 years, do depose and says:

2. I, Jonathan Cobb am competent to testify that I asked Mr. Cannon to provide Me with a docket sheet during pre-sentencing stages, before November 5,2010 sentencing hearing;

3. Mr. Cannon advised Me that there was no need to provide Me with a docket sheet in this case(See:p.3 of Memorandum,§2255 memorandum);

4. I, Jonathan Cobb do declare that Mr. Cannon, never at anytime apprised Me that I had an opportunity to challenge the 851 information filed by the government in My case;

5.Mr. Cannon never apprised Me of any avenue to challenge the §851 in My case(see: p. 5 of memorandum,§2255);

6. I requested Mr. Cannon to request a Franks hearing in My case (p. 7 of Memorandum,§2255)(see:letter to judge attch'd Ex.#1);

7. I was prepared to demonstrate false statements in the affidavit

-1-

(p. 10 of Memorandum,§2255)(see outline sent to Cannon attached
as Ex. #2);

8. Mr. Cannon never apprised Me of the advantages and disadvan-
tages of pleading guilty vs. going to trial and only talked to
Me about cooperating(see:EX.#3 attached hereto)(letter from Mr.
Cannon advising Me to cooperate)(see:p. 13 of Memorandum,§2255);

9. It shall be all.


Respectfully submitted ,


Jonathan Cobb

*Jonathan Cobb*

CERTIFICATE OF SERVICE

I,Jonathan Cobb do declare that a true and correct
copy of the same DECLARATION  was placed in the
U.S. mail, postage pre-paid and served upon:
Karen S.Marston,ESq.,AUSA, United States Attorney's office,
615 Chestnut Street,Suite 1250,Philadelphia,PA 19106

s/ *Jonathan Cobb*
Jonathan Cobb
FCI MCDOWELL
PO BOX 1009
WELCH,WV 24801


Enclosue(s):