UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| United States of America | : | |
| | : | |
| v. | : | Crim. Action No. 09-733-01 |
| | : | |
| Jonathan Cobb | : | Civil Action No. 13-4754 |


**PETITIONER JONATHAN COBB'S RESPONSE
TO THE GOVERNMENT'S MOTION TO LIMIT INQUIRY
REGARDING FILING OF NOTICE PURSUANT TO 21 U.S.C. § 851**

The issue before the Court is what relief is due to Mr. Cobb pursuant to 28
U.S.C. § 2255 for the ineffective assistance of counsel that prevented him from
entering an open guilty plea. The parties agreed with the Court during the
November 14, 2015, hearing that the Court's exercise of discretion in fashioning
an appropriate remedy is guided by Lafler v. Cooper, 132 S. Ct. 1376, 1389 (2012),
which directs the court to craft a remedy that "neutralizes the taint" of the
ineffective assistance of counsel while at the same time avoiding a windfall to the
petitioner, and also avoiding a waste of resources that the government invested
in the criminal prosecution. As this Court framed its task (and the parties
agreed), the process of determining the proper remedy in this case consists of
three steps: (1) determine the baseline mandatory minimum and guideline range;
(2) decide what, if any, variance would have been granted at that time; and (3)
consider a request for a downward variance based on post-sentencing conduct.
(Ex. A, Tr. of Relief Hearing, 11/14/15, at 16-23).[1]

---

[1] A hard copy transcript of the hearing has been mailed to the Court and counsel.

At that hearing, one of the issues raised was whether the prosecutor

would have filed the § 851 sentencing enhancement even if Mr. Cobb had

entered an open guilty plea. Mr. Cobb has argued that the answer matters

because the § 851 information raised the mandatory minimum from five years to

ten years, and if Mr. Cobb's revised guideline range is 84 to 105 months, then the

enhancement imposes a mandatory minimum of 120 months, which is higher

than the highest end of the guideline range. Absent the § 851 sentencing

enhancement, the guideline range would remain the same – 84 to 105 months –

and any upward departure would be based on 105 months, not 120 months. (Pet.

Supp. Habeas Br., at 22-24; Pet. Reply Br., at 8-9; Ex. A, Remedy Hrg. Tr., at 7-16).

Mr. Cobb also has argued that, based on the timing of the § 851 filing in

this case and the longstanding experience of counsel and her colleagues in this

Court, it is likely that the prosecutor would *not* have filed the § 851 information if

Mr. Cobb had pled guilty. (Pet. Supp. Habeas Br., at 22-24; Pet. Reply Br., at 8-9;

Ex. A, Remedy Hrg. Tr., at 7-16). The government denies this and represents that

it would have filed the § 851 information in any event, and it is prepared to have

the prosecutor testify as such. (Gov't Resp. to Pet.'s § 2255 Motion, at 18; Gov't

Rep. to Remedy Br., at 2-4; Ex. A, Remedy Hrg. Tr., at 23-29).

Although under 21 U.S.C. § 851, the government is permitted to file a

sentencing enhancement even if the defendant pleads guilty (as long as the

government follows Department of Justice policies and practices), strong

circumstantial evidence supports a conclusion that the prosecutors in the Third

Circuit do not *routinely* file § 851 notices – as represented by the government in

both its briefs (Gov't Resp. to Pet.'s § 2255 Motion, at 18) and at the hearing (Ex.

A, Remedy Hrg. Tr., at 24-27) – but instead use the § 851 notice as a tool to

induce a defendant to plead guilty in order to avoid the sentencing enhancement.

This circumstantial evidence includes case law, policy changes by the DOJ

during the relevant time period, the purpose of an § 851 notice, and the

particular timing of the § 851 filing in this case, as explained in more detail

below:

- Case Law. A plethora of case law within the Third Circuit shows that § 851
  informations have routinely been used as plea negotiation tools, for both plea
  agreements and open pleas, and § 851 notices are not filed when a defendant
  pleads guilty. For a very small sampling, see, e.g., United States v. Colon, No.
  CRIM.A. 09-0155, 2015 WL 127726, at *3 (E.D. Pa. Jan. 6, 2015) (documenting
  communication by the prosecutor during plea negotiations that offered to
  forgo filing an § 851 notice if defendant pled open to all counts); Matthews v.
  United States, No. CIV. 10-1740, 2013 WL 1674948, at *7 (W.D. Pa. Apr. 17,
  2013) ("The government filed a § 851 information for each of the three
  defendants named in the superseding indictment who went to trial . . . The
  government did not file a § 851 information for the defendants named in the
  indictment or superseding indictment that pleaded guilty and had prior
  felony drug convictions."); United States v. Badini, No. 2:09-CR-00325-14,
  2012 WL 43630, at *2 (W.D. Pa. Jan. 9, 2012) aff'd, 525 F. App'x 190 (3d Cir.
  2013) (documenting communication by prosecutor that government would
  file § 851 information if defendant rejected plea offer).

- DOJ Policy Changes. A succession of policy changes issued by the
  Department of Justice over the time span of 2010 – 2014 directed federal
  prosecutors to change the nationwide practice of using § 851 notices as a plea

negotiation tool. The DOJ policy changes are explained by the court in United States v. Trader, No. 04-680-06, 2015 WL 4941820, at *12 (E.D. Pa. Aug. 19, 2015): "In 2010, then-Attorney General Eric Holder announced a change in Department of Justice policy. In a Memorandum dated May 19, 2010, Attorney General Holder "reiterated the 'longstanding' principle that prosecutors should charge the most serious offense available, but added that they should also make individualized assessments as to whether such charges are appropriate." [] In a subsequent Memorandum dated August 12, 2013, Attorney General Holder went on to state that "[p]rosecutors should decline to file an information pursuant to 21 U.S.C. § 851 unless the defendant is involved in conduct that makes the case appropriate for severe sanctions." [] Attorney General Holder further clarified in a September 24, 2014 Memorandum that "[a] § 851 enhancement *should not be used in plea negotiations for the sole or predominant purpose of inducing a defendant to plead guilty.*" []." (citations omitted) (emphasis added).

As this Court noted at the November 15, 2015 remedy hearing in this case, the purpose of issuing DOJ policy memos is usually to change a policy or practice that had been in place before. (Ex. A, Remedy Hrg. Tr., at 28). Therefore, the only conclusion to draw from the 2010, 2013, and 2014 Holder memos is that prosecutors had been using § 851 notices as plea negotiation tools, which is contrary to the representations made by the government in this case. (Ex. A, Remedy Hrg. Tr., at 24).

- Purpose of § 851 Notices. As repeatedly emphasized by the circuits, "[o]ne of the primary purposes of the § 851 notice requirement is to inform the defendant that the Government intends to seek an enhancement before the defendant decides whether to enter a guilty plea or go to trial so that the defendant can make an informed decision as to his or her option." United States v. Isaac, 655 F.3d 148, 156 (3d Cir. 2011). See also United States v.

Lewis, 597 F.3d 1345, 1347 (7th Cir. 2010); United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007) (explaining that one "purpose [of § 851] is to provide the repeat drug offender with full knowledge before trial of the consequences of a guilty verdict, thereby enabling him to make informed decisions regarding the entry of a plea or the planning of trial strategy."); United States v. Dodson, 288 F.3d 153, 159 (5th Cir. 2002).

Because one of the primary purposes of an § 851 notice is to provide the defendant with the information that he needs to decide whether to plead guilty or go to trial, it would subvert the statute's purpose and make no sense for the government to routinely file an § 851 notice *after* the defendant has agreed to plead guilty. That common sense principle lends more support to the conclusion that the prosecutor in this case would not have filed the § 851 information had Mr. Cobb agreed to plead guilty, particularly when there is no evidence on the record whatsoever that the government had given notice to Mr. Cobb of its intention to file the § 851 information.

- Timing of the Filing in this Case. According to the government, it had the intention from October 2009 that it would file the § 851 information, but over the course of the next seven months – the time period that Mr. Cobb was supposed to be deciding whether to plead or go to trial – no such notice was filed, and no such intention was expressed by the prosecutor to Mr. Cobb. That timing is consistent with the longstanding experience of counsel and her colleagues in this Court, and with the case law set forth above, of the government not filing an § 851 notice unless it is clear that the defendant has chosen to go to trial.

At the hearing, the government offered to put the prosecutor on the stand to testify that he would have filed the § 851 notice even if Mr. Cobb pled guilty, (Ex. A, Remedy Hrg. Tr., at 25). That testimony – about the prosecutor's unexpressed intentions – would be evidence that Mr. Cobb could not reasonably discover direct evidence to contradict, other than the circumstantial evidence described above. Consequently, in an effort to try to make the questioning of the prosecutor fair, defense counsel asked the Court for discovery of the prosecutor's decision-making process and the government's policies and practices regarding the filing of § 851 notices. (Ex. A, Remedy Hrg. Tr., at 40-41). Before Mr. Cobb could file that discovery request, the government filed a preemptive motion to limit the discovery request, arguing that no discovery is permitted, or at most the only evidence permitted would be to put the prosecutor on the stand and ask about his intentions, and anything else is prohibited from discovery as constitutionally protected prosecutorial decision-making. (Gov't Mot. To Limit Inquiry Regarding Filing of Notice Pursuant to 21 U.S.C. § 851).

The government is wrong in arguing that discovery of the prosecutor's decision-making process and the government's policies and practices is prohibited. See United States v. Purcell, 667 F. Supp. 2d 498 (E.D. Pa. 2009) (granting that part of petitioner's request that requested discovery of "any and all memoranda, hand books and other writings detailing the government's policies concerning the filing of 851 Informations" and "any and all memoranda, notes or other writings concerning plea discussions or the filing of 851 Information in the underlying matter."), aff'd, United States v. Purcell, 517 Fed.

App'x 79 (3d Cir. 2013). Nevertheless, despite the strong circumstantial evidence that no § 851 notice would have been filed, given this Court's recognition of the difficulty in developing a proper record upon which to make a factual finding in which the Court and the parties would have confidence (Ex. A, Remedy Hrg. Tr., at 26-28), along with the facts that the statute would have permitted the filing and the filing was within the prosecutor's discretion if it was done in accordance with DOJ policy, Mr. Cobb submits that another evidentiary hearing to try to determine whether the prosecutor would have filed the § 851 information would not serve the purposes of effective resource management that the Lafler Court said should be a part of this Court's discretion in fashioning an appropriate remedy. Accordingly, Mr. Cobb withdraws his request for discovery on the § 851 issue and respectfully asks this Court to accept argument and evidence on the departure and post-conviction rehabilitation at Mr. Cobb's resentencing hearing. Mr. Cobb also respectfully asks this Court to take into account the circumstantial evidence listed above regarding the purpose and practices of § 851 filings when exercising its discretion in fashioning an appropriate sentence in this case.[2]

---

[2] In this regard, Mr. Cobb points out that both parties agree that his new guideline range is 84 – 105 months. See Gov't Reply to Remedy Brief, at 3 [Docket No. 265]. Although Mr. Cobb does not believe that the § 851 enhancement should be applied to increase the mandatory minimum to ten years, he is not requesting further discovery to try to determine whether the prosecutor would have filed the § 851 had Mr. Cobb pled guilty, but is instead respectfully asking this Court to take the uncertainty surrounding that fact, along with the circumstantial evidence described above, into account when exercising its discretion in fashioning an appropriate remedy under the last two steps of the process.

Respectfully submitted,

Caroline Goldner Cinquanto
Attorney for Petitioner Jonathan Cobb

Date: December 31, 2015

CERTIFICATE OF SERVICE

Caroline Goldner Cinquanto, Esquire, hereby certifies that a true and correct copy of Petitioner Jonathan Cobb's Response to the Government's Motion to Limit Inquiry Regarding Filing of Notice Pursuant to 21 U.S.C. § 851, was delivered to the following government counsel via the Court's electronic filing system and via hard copy along with a copy of the hearing transcript identified herein as Exhibit A:

Karen S. Marston, Esq.
U.S. Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476

Caroline Goldner Cinquanto, Esq.
Counsel for Petitioner Jonathan Cobb

December 31, 2015