IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : 

v. : CRIMINAL NO. 09-733

JONATHAN COBB :

SENTENCING MEMORANDUM ON BEHALF OF
<u>JONATHAN COBB</u>

Defendant, Jonathan Cobb, by his attorney, Caroline Goldner Cinquanto, Esq., hereby submits the following memorandum in mitigation of sentence in the above-captioned matter.

All parties agree that Mr. Cobb's guideline range at the time of his resentencing will be 84-105 months. The only question remaining – at least pertaining to the guidelines – is whether the Court will allow the government's filing of the §851 Information to stand, which would result in a revised guideline range of 120 months. On this issue, the defense rests on the arguments set forth in her brief filed on December 31, 2015 [Docket No. 278] and they will not be repeated herein. Instead, the defense will take this opportunity to address what, <u>if any</u>, upward variance this Court should impose at the time of Mr. Cobb's resentencing.

The Jonathan Cobb who will appear before your Honor on February 10, 2016 is **not** the same Jonathan Cobb who appeared before your Honor for sentencing on November 4, 2010. When Mr. Cobb was sentenced in November 2010, your Honor imposed a sentence that reflected the misperception that Mr. Cobb was an unrepentant, unapologizing drug dealer. It has now become clear that nothing could be further from

the truth and that Mr. Cobb would have plead guilty soon after he was indicted had he been competently advised by his former defense counsel.

Despite this, the government will ask your Honor to impose the same 126 upward variance that you imposed at Mr. Cobb's previous sentencing. This request is absurd. It is absurd because your Honor knows – better than anyone – that at sentencing many benefits, both tangible and intangible, are bestowed upon a defendant who pleads guilty. One of the most important intangible benefits of pleading guilty is the positive, psychological impact on the sentencing judge. It goes without saying that a defendant who comes before a sentencing judge after entering a guilty plea is absolutely not the same defendant who comes before a sentencing judge after having gone to trial.

Unfortunately, in this case the defense cannot "unring the bell" of Mr. Cobb going to trial. However, the defense can impress upon your Honor the need to rely on your common sense, wisdom, and experience when imagining what feelings you might have felt – or not felt - towards Mr. Cobb had Mr. Cobb appeared before you after a timely guilty plea. The defense is confident that if your Honor does this, you will not feel compelled to reimpose the same upward variance.

In addition to reappearing before your Honor as a defendant cloaked in the protections and benefits of a defendant who has plead guilty, Mr. Cobb also comes before you after having shown extraordinary post sentence rehabilitation. In accordance with the Supreme Court's holding in *United States v. Pepper*, 131 S. Ct. 1229, (2011), when a defendant's sentence has been set aside on appeal, a District Court at resentencing may consider evidence of the defendant's post sentence rehabilitation, and such evidence may, in appropriate cases, support a variance from the now-advisory Guidelines range.

The defense respectfully requests that your Honor consider Mr. Cobb's post sentence rehabilitation, especially if an upward variance is being contemplated because it is extremely impressive. In addition to incurring no disciplinary infractions since his incarceration, Mr. Cobb has completed the following programs:

March 14, 2011: Completed GED

March 28, 2011: Freedom from Drugs Program (12 hours)

April 13, 2011: Introduction to Computer Usage (1 Hour)

May 9, 2011: Active Parenting of Teens (24 hours - transcript)

May 31, 2011: Spiritual Development (35 Hours)

November 17, 2011: Spiritual Development Facilitator's Certificate (35 hours)

May 15, 2012: Spiritual Development Facilitator's Completion Certificate

March 27, 2013: Spiritual Development (20 hours – see transcript)

August 29, 2013: Challenging the Lifestyle Self-Help Video Class (1 Hour)

September 18, 2013: "Making the Right Choices" Self-Help Video Class (1 Hour)

October 4, 2013: "Reflections of a Lost Childhood" Self-Help Video Class (1 Hour)

September 14, 2015: Dealing and Coping with Incarceration I (40 Hours)

August 3, 2015 (start date): Dealing and Coping with Incarceration II (ongoing)

After consideration of the above, the defense respectfully requests that Mr. Cobb be sentenced within the guideline range. The defense does not make this recommendation lightly. It is made after a thoughtful analysis of the law as it applies to this case, the impact of the ineffective assistance rendered by Mr. Cobb's former lawyer, and Mr. Cobb's post sentence rehabilitation.

Respectfully submitted,

_____
CAROLINE GOLDNER CINQUANTO
Attorney for Jonathan Cobb

cc: AUSA Karen Marston